**CSX TRANSPORTATION, INC.,
Plaintiff–Appellant,**

v.

**ALABAMA DEPARTMENT OF REVE-
NUE, Commissioner, Alabama De-
partment of Revenue, Defendants–Ap-
pellees.**

No. 12–14611.

United States Court of Appeals,
Eleventh Circuit.

Aug. 19, 2015.

James Wiley McBride, Baker Donelson Bearman Caldwell & Berkowitz, PC, Washington, DC, Stephen Dorr Goodwin, Baker Donelson Bearman Caldwell & Berkowitz, PC, Memphis, TN, J. Forrest Hinton, Jr., Baker Donelson Berman Caldwell

& Berkowitz, PCa, Birmingham, AL, for Plaintiff–Appellant.

Margaret Johnson McNeill, Andrew Lynn Brasher, Megan Arys Kirkpatrick, William Keith Maddox, Glenmore Patrick Powers, II, Alabama Department of Revenue, Montgomery, AL, John Cowles Neiman, Jr., Maynard Cooper & Gale, PC, Birmingham, AL, for Defendant–Appellee.

Before WILSON and COX, Circuit Judges, and BOWEN,* District Judge.

PER CURIAM:

This court previously determined the State of Alabama failed to sufficiently justify its decision to impose certain taxes on rail carriers, including CSX Transportation, Inc., when motor carriers and water carriers (both railroad competitors) are not subject to the same. *See CSX Transportation, Inc. v. Alabama Department of Revenue,* 720 F.3d 863 (11th Cir.2013). The Supreme Court reversed and remanded, concluding that we should reconsider whether the State has offered sufficient justification—through the imposition of an alternative, comparable tax or otherwise—for exempting railroad competitors from the sales and use taxes the State imposes on railroads when they purchase or consume diesel fuel. *See Alabama Department of Revenue v. CSX Transportation, Inc.,* 575 U.S. ——, 135 S.Ct. 1136, 1143–44, 191 L.Ed.2d 113 (2015) (stating that "an alternative, roughly equivalent tax is one possible justification that renders a tax disparity nondiscriminatory," and, while

the State "cannot offer a similar defense with respect to its exemption for water carriers," it offers other justifications that should be considered on remand).

In light of the Supreme Court's decision and after the benefit of supplemental briefing by the parties, we vacate our prior opinion, reported at 720 F.3d 863 (11th Cir.2013), vacate the judgment of the district court, and remand this case to the district court for further proceedings consistent with the Supreme Court's opinion.

VACATED and REMANDED.